IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUAD INT'L., INC.,

      Plaintiff,                                   No. 2:12-cv-2635 LKK DAD

    vs.

JOHN DOE,                                        <u>ORDER</u>

      Defendant.
_____/

        Presently before the court is plaintiff's ex parte application seeking leave to take expedited discovery.

        In this action, filed October 23, 2012, plaintiff alleges copyright infringement, negligence and contributory infringement of the adult entertainment video, "ScoreHD-Tokyo Pick-up" ("Video") against a single defendant, identified as "John Doe."  In the course of monitoring Internet-based infringement of its copyrighted content, plaintiff's agents allegedly observed unlawful reproduction and distribution of the Video via the Bit Torrent file transfer protocol by defendant John Doe.  Although plaintiff does not know the actual name of defendant John Doe, plaintiff's agents have identified defendant John Doe by an IP address, 98.192.184.147, and the date and time of the alleged unlawful activity.  (Compl. (Doc. No. 1) at 1-2, 6.)

According to plaintiff, only the Internet Service Provider ("ISP") who issued the IP address connected with the unauthorized activity has the ability to identify the Doe defendant. Plaintiff asserts that it has identified Comcast Cable Communications LLC as the ISP who issued the IP address connected with the unauthorized activity. Plaintiff contends that ISPs only keep the identifying information for a limited period of time, for as little as months or even weeks before potentially permanently erasing the information. Thus, plaintiff seeks an order granting expedited discovery to serve a Rule 45 subpoena on Comcast Cable Communications LLC to determine the identity of the Doe defendant, thereby permitting plaintiff to amend its complaint to state the true name of defendant and serve defendant with process. (Ex Parte Motion (Doc. No. 6) at 1-12.)

DISCUSSION

The Ninth Circuit has held that when a defendant's identity is unknown at the time the complaint is filed, a court may grant plaintiff leave to take early discovery to determine the defendant's identity "unless it is clear that discovery would not uncover the identit[y], or that the complaint would be dismissed on other grounds." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).

Here, plaintiff's complaint alleges that this court has personal jurisdiction over the defendant because defendant "either resides in or committed copyright infringement in the State of California." (Compl. (Doc. No. 1) at 3.) However, although the complaint alleges that plaintiff "used geolocation technology to trace the IP address of the Defendant to a point of origin within the State of California," the complaint fails to reference any specific location within the State of California.[1] (Id. at 3.)

Moreover, the complaint also alleges that venue is properly founded in this judicial district "because Defendant resides in this District, may be found in this District, or a

---

[1] According to court's own research it appears the IP address identified by plaintiff may be located in Fresno, California.

substantial part of the events giving rise to the claims in this action occurred within this District." (Id.)  However, "[t]he venue of suits for infringement of copyright is not determined by the general provision governing suits in the federal district courts, rather by the venue provision of the Copyright Act."  Goldberg v. Cameron, 482 F. Supp.2d 1136, 1143 (N.D. Cal. 2007).  Civil actions for copyright infringement "may be instituted in the district in which the defendant or his agent resides or may be found."  28 U.S.C. § 1400(a).

In this regard, plaintiff has not demonstrated that its complaint would not be dismissed on other grounds, specifically lack of personal jurisdiction or improper venue. Accordingly, plaintiff's ex parte motion for expedited discovery will be denied, without prejudice, and plaintiff will be given an opportunity to provide more detailed allegations with respect to the issues of personal jurisdiction and venue.[2]  See 808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91, Civil No. 12cv00186 MMA (RBB), 2012 WL 1648838, at *7-8 (S.D. Cal. May 4, 2012) ("In its conclusory pleading and motion, [plaintiff] has not established that the Complaint can withstand a motion to dismiss for the misjoinder of out-of-state and out-of-district Doe Defendants."); Celestial Inc. v. Swarm Sharing Hash 8AB508AB0F9EF8B4CDB14ö248F3 C96ö5BEB882 on December 15, 2011, No. CV 12-00132 CCP (SSx), 2012 WL 995273, at *2-3 (C.D. Cal. Mar. 23, 2012) ("[Plaintiff] can move again for early discovery if it is able to adequately address personal jurisdiction, as well as the other significant issues raised by courts in similar actions - most notably, with regard to joinder.")

/////
/////
/////
/////

---

[2] Plaintiff's ex parte motion for expedited discovery does not discuss either personal jurisdiction or venue.

Accordingly, IT IS HEREBY ORDERED that plaintiff's October 28, 2012 ex parte application for leave to take expedited discovery (Doc. No. 6) is denied without prejudice.

DATED: November 16, 2012.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDAD:6
Ddad1/orders.civil/quad2635.ex.disc.den.ord