1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11  QUAD INTERNATIONAL, INC.,                    CASE NO. 1:12-cv-02050-AWI-SKO

12                                               **ORDER GRANTING PLAINTIFF'S**
                              Plaintiff,         **RENEWED EX PARTE**
13                                               **APPLICATION FOR LEAVE TO**
                                                 **TAKE EXPEDITED DISCOVERY**
14          v.

15  JOHN DOE,
    IP address 98.192.184.147,
16                                               (Doc. No. 13)

17                             Defendant.

18  _____/

19                              **I.   INTRODUCTION**

20          On November 19, 2012, the Court issued an order denying without prejudice Plaintiff Quad

21  International Inc.'s ("Plaintiff") ex parte application for leave to take expedited discovery.  (Doc. 7.)

22  Thereafter, the case was transferred from the Sacramento division to the Fresno division of the U.S.

23  District Court for the Eastern District of California.  On January 8, 2013, Plaintiff filed a renewed

24  ex parte application for leave to take expedited discovery.  (Doc. 13.)  For the reasons set forth

25  below, Plaintiff's motion is GRANTED.

26                              **II.   BACKGROUND**

27          On October 23, 2012, Plaintiff filed a complaint alleging copyright infringement, negligence,

28  and contributory infringement of the adult entertainment video, "ScoreHD-Tokyo Pick-up" (the

1  "Video") against a single defendant, identified as "John Doe."  In the course of monitoring Internet-

2  based infringement of its copyrighted content, Plaintiff's agents allegedly observed unlawful

3  reproduction and distribution of the Video via the BitTorret file transfer protocol by defendant John

4  Doe.  Although Plaintiff does not known the actual identity of the defendant John Doe, Plaintiff's

5  agents have identified defendant John Doe by an IP address, 98.192.184.147, and the date and time

6  of the alleged unlawful activity.  (Complaint ("Cmplt."), ¶¶ 1-2, 6.)

7         According to Plaintiff, only the Internet Service Provider, ("ISP") who issued the IP address

8  connected with the unauthorized activity has the ability to identify the Doe defendant.  Plaintiff

9  asserts that it has identified Comcast Cable Communications LLC as the ISP who issued the IP

10  address connected with the unauthorized activity.  Plaintiff contends that ISPs only retain the

11  identifying information for a limited period of time, for as little as months or even weeks before

12  potentially permanently erasing the information.  Thus, Plaintiff seeks an order granting expedited

13  discovery to serve a Rule 45 subpoena on Comcast Cable Communications LLC to determine the

14  identity of the Doe defendant, thereby permitting Plaintiff to amend its complaint to state the true

15  name of the defendant and serve the defendant with process.

16                                    **III.   DISCUSSION**

17  **A.    Legal Standard**

18         Generally, a party may not conduct discovery before the parties have met and conferred

19  pursuant to Federal Rule of Civil Procedure 26(f).  However, a court may authorize early discovery

20  "for the parties' and witnesses' convenience and in the interests of justice."  Fed. R. P. 26(d)(2).  The

21  moving party must show good cause for the early discovery.  *See Semitool, Inc. v. Tokyo Electron*

22  *Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  "Good cause may be found where the need for

23  expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the

24  responding party."  *Id.*

25         The Ninth Circuit has held that when a defendant's identity is unknown at the time the

26  complaint is filed, a court may grant the plaintiff leave to take early discovery to determine the

27  defendant's identity "unless it is clear that discovery would not uncover the identit[y], or that the

28

complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

District courts have further developed the *Gillespie* standard where the unknown defendants are anonymous internet users, taking into account the First Amendment concerns involved. *See SaleHoo Grp., Ltd. v. ABC Co.*, 722 F. Supp. 2d 1210, 1213-17 (W.D. Wash. 2010). In *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D 573, 578 (N.D. Cal. 1999), the district court discussed the issues involved:

> With the rise of the Internet has come the ability to commit certain tortious acts, such as defamation, copyright infringement, and trademark infringement, entirely on-line. The tortfeasor can act pseudonymously or anonymously and may give fictitious or incomplete identifying information. Parties who have been injured by these acts are likely to find themselves chasing the tortfeasor from Internet Service Provider ("ISP") to ISP, [footnote omitted] with little or no hope of actually discovering the identity of the tortfeasor.
>
> In such cases the traditional reluctance for permitting filings against John Doe defendants or fictitious names and the traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with [a] forum in which they may seek redress for grievances. However, this need must be balanced against the legitimate and valuable right to participate in online forums anonymously or pseudonymously. People are permitted to interact pseudonymously and anonymously with each other so long as those acts are not in violation of the law. This ability to speak one's mind without the burden of the other party knowing all the facts about one's identity can foster open communication and robust debate. Furthermore, it permits persons to obtain information relevant to a sensitive or intimate condition without fear of embarrassment. People who have committed no wrong should be able to participate online without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity.

The *Columbia* court, therefore, fashioned a four-part test predicated on the *Gillespie* standard set forth by the Ninth Circuit to determine whether early discovery was warranted whereby the moving party must: "(1) identify the defendant with enough specificity to allow the Court to determine whether the defendant is a real person or entity who could be sued in federal court; (2) recount the steps taken to locate the defendant; (3) show that its action could survive a motion to dismiss; and (4) file a request for discovery with the Court identifying the persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information." *SBO Pictures, Inc. v. Does 1-3036*, No. 11-4220 SC, 2011 WL 6002620, at *2 (N.D. Cal. Nov. 30, 2011) (summarizing test set forth in

*Columbia*, 185 F.R.D. at 578-90).   In the context of parties seeking discovery in alleged online piracy, the court must balance "the need to provide injured parties with [a] forum in which they may seek redress for grievances" against "the legitimate and valuable right [of Internet users] to participate in online forums anonymously or pseudonymously . . . without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discovery their identities." *Columbia*, 185 F.R.D. at 578.

Other courts, however, have imposed a more stringent test at the third factor – that the plaintiff "submit evidence sufficient to defeat summary judgment" or "make a prima facie evidentiary showing." *SaleHoo Grp.* 722 F. Supp. 2d at 1216 (finding the prima facie standard appropriate). The district courts in this circuit that have applied the original *Columbia* four-part test are persuasive; the Court will not apply the more stringent standard. Thus, the Court analyzes Plaintiff's motion under *Columbia's* four-part test below.

**B.    Application of Four-Part *Columbia* Test**

**1.    Identification of Missing Party With Sufficient Specificity**

First, Plaintiff must identify the Doe defendant with enough specificity to enable the Court to determine that the defendant is a real person or entity who would be subject to the jurisdiction of this Court. *Columbia*, 185 F.R.D. at 578; *see also Malibu Media, LLC v. John Does 1 through 16*, No. 12-cv-1847-AJB (DHB), 2012 WL 3809128, at * 3 (S.D. Cal. Sept. 4, 2012). Several district courts have found that a plaintiff has sufficiently identified a Doe defendant by providing the unique IP address assigned to an individual defendant on the day of the allegedly infringing conduct, and by using "geolocation technology" to trace the IP address to a physical point of origin. *Malibu Media,* LLC, 2012 WL 3809128, at * 3; *808 Holdings, LLC v. Collective of December 29, 2011, Sharing Hash E37917C8EEB4545E6432358FF32F29CD63C23C91* ("*808 Holdings*"), No. 12-cv-186-MMA (RBB), 2012 WL 1648838, at * 4 (S.D. Cal. May 4, 2012); *OpenMind Solutions, Inc. v. Does 1-39*, No. C-11-3311 MEJ, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011). Other district courts have concluded that merely identifying the IP addresses assigned to the defendants on the day of the purported infringement is sufficient to satisfy the first factor. *See MCGIP, LLC v. Does 1-149*,

1   No. C-11-02331 LB, 2011 WL 3607666, at *2 (N.D. Cal. Aug. 15, 2011); *First Time Videos LLC*

2   *v. Does 1-37*, No. C-11-01675 LB, 2011 WL 1431619, at *2 (N.D. Cal. Apr. 14, 2011).

3          Here, Plaintiff has provided the unique IP address corresponding to the Doe defendant on the

4   date and time of the purportedly infringing activity, as well as the city and state in which the IP

5   address is located.  (Doc. 1, ¶ 6; Doc. 13, 3:27-4:3.)  Consequently, Plaintiff has identified the Doe

6   defendant with sufficient specificity.  *OpenMind Solutions*, 2011 WL 4715200, at *2 (finding the

7   plaintiff satisfied the first factor by identifying the defendants' IP addresses and by tracing the IP

8   addresses to a point of origin within the State of California).

9          **2.      Plaintiff's Previous Attempts to Locate Defendants**

10          Plaintiff is next required to describe all prior steps taken to identify the Doe defendant in a

11   good faith effort to locate and serve him or her.  *See Columbia*, 185 F.R.D. at 579.  In support of its

12   original motion for leave to take expedited discovery (Doc. 6), Plaintiff filed the declaration of Peter

13   Hansmeier (Doc. 6-1) who described the efforts that were made to learn the IP address of the Doe

14   defendant.  Mr. Hansmeier maintains that, although he was able to observe the infringing activities

15   of Doe defendant through the BitTorrent software, the system does not allow him to access John

16   Doe's computer to obtain identifying personal information.  (Doc. 6-1, Hansmeier Decl., ¶ 21.)  Due

17   in part to the anonymous nature of the BitTorrent distribution systems used by John Doe, the true

18   name, street address, telephone number, and email address of John Doe remains unknown.  (Doc.

19   6-1, Hansmeier Decl., ¶ 21.)  Mr. Hansmeier maintains that this information can only be obtained

20   from John Doe's ISP.   (Doc. 6-1, Hansmeier Decl., ¶ 28.)  Without expedited discovery as to John

21   Doe's ISP, Plaintiff asserts it has no means of serving John Doe with the complaint and summons

22   in this case and no means of protecting its creative content from ongoing infringement.

23          Based upon the declaration of Mr. Hansmeier, it appears that Plaintiff has obtained and

24   investigated the available data related to the alleged infringement in a good faith effort to located the

25   Doe defendant.  *See Digital Sin, Inc. v. Does 1-5698*, No. C 11-04397 LB, 2011 WL 5362068, at *2

26   (N.D. Cal. Nov. 5, 2011).  This factor is satisfied.

27   ///

28   ///

**3.      Plaintiff's Ability to Withstand a Motion to Dismiss**

To be entitled to early discovery, the plaintiff must demonstrate that its complaint can likely withstand a motion to dismiss. *Columbia*, 185 F.R.D. at 579; *808 Holdings*, 2012 WL 1648838, at * 5.  While Plaintiff asserts that, as a matter of law, there is no requirement that it make a showing of the court's personal jurisdiction over Doe defendant or establish that venue is proper, courts routinely consider issues of personal jurisdiction and venue in applying the Ninth Circuit's holding in *Gillespie* in the context of motions for early discovery such as this. *See, eg., Malibu Media, LLC*, 2012 WL 3809128, at *3; 808 *Holdings*, 2012 WL 1648838, at * 4.  Nevertheless, Plaintiff is not required to *prove* that the Court has personal jurisdiction over Doe defendant or definitively establish that venue is proper, only that it is *likely* that Plaintiff could withstand a motion to dismiss on those or other grounds.

**a.      Plaintiff's Ability to State a Claim Upon Which Relief can be Granted**

Generally, to show copyright infringement, a plaintiff must establish the following: (1) ownership of a valid copyright, and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004); 17 U.S.C. § 501(a).

Here, Plaintiff alleges that it is the exclusive rights holder with respect to BitTorret-based reproduction and distribution of the Video, which is currently registered in the United States Copyright Office.  (Doc. 1, Cmplt. ¶¶ 18-19.)  Plaintiff also alleges that Doe defendant, using IP address 98.192.184.147, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully downloaded that torrent file into his BitTorret client, entered a Bit Torrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties.  (Doc. 1, Cmplt., ¶ 19.)  This is sufficient to state a prima facie claim for copyright infringement that can likely withstand a motion to dismiss for failure to state a claim.

**b.      Plaintiff's Allegations of Personal Jurisdiction**

Plaintiff bears the burden of establishing jurisdictional facts. *See Columbia*, 185 F.R.D. at 578.  In the complaint, Plaintiff alleges that this Court has personal jurisdiction over Doe defendant

because he or she either resides in or committed copyright infringement in the State of California and that Plaintiff used geolocation technology to trace the IP address of Defendant to a point of origin within the State of California. (Doc. 1, Cmplt., ¶ 6.) In Plaintiff's renewed motion for expedited discovery, it maintains that its agents entered the IP address associated with the Defendant into a geolocation database, and the IP address could be traced to a location inside this district, specifically in Fresno, California. (Doc. 13, 3:26-4:8.)

Therefore, at this early stage of the litigation, it appears Plaintiff has alleged sufficient facts to show it can likely withstand a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule 12(b)(2) because the Doe defendant has an IP address that was traced to a location within this district. *See Malibu Media, LLC*, 2012 WL 3809128, at *4; *808 Holdings*, 2012 WL 1648838, at *5.

### c.    Plaintiff's Allegations of Venue

The proper venue for infringement of copyright suits is not determined by the general provision governing suits in the federal district courts, but is governed by the specific venue provision of the Copyright Act. 28 U.S.C. § 1400(a). Section 1400(a) provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found." Section 1400(a) has been interpreted by the Ninth Circuit to allow venue in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (internal quotation marks and citations omitted).

In its complaint, Plaintiff alleges that venue is properly founded in this judicial district because the Doe defendant resides in this District, may be found in this District, or a substantial part of the events giving rise to the claims in this action occurred within this District. (Doc. 1, Cmplt. ¶ 7.) In its renewed motion for expedited discovery, Plaintiff maintains that the IP address associated with Doe defendant is located in Fresno, California, which is a location within this division of this district. (Doc. 13, 3:23-4:8.) As Doe defendant appears to have an IP address that is located within this district, it is likely that Plaintiff will be able to survive a motion to dismiss for improper venue

1  under Federal Rule of Civil Procedure 12(b)(3).  *See Malibu Media, LLC*, 2012 WL 3809128, at *4-
2  5.

3         **4.      Whether there is a Reasonable Likelihood of Being Able to Identify Defendant**

4         The fourth factor examines whether Plaintiff has demonstrated that there is a reasonable
5  likelihood that the discovery it requests will lead to the identification of the Doe defendant such that
6  it may effect service of process.  *Columbia*, 185 F.R.d. at 580.  Plaintiff asserts that the key to
7  locating Defendant is through the IP address associated with the alleged activity on BitTorrent.
8  Specifically, Plaintiff asserts that, because ISPs assign a unique IP address to each subscriber and
9  retain subscriber activity records regarding the IP address assigned, the information sought in the
10  subpoena will enable Plaintiff to serve Defendant and proceed in this case.  This is a sufficient
11  showing to satisfy this factor.  *See OpenMind Solutions*, *Inc.*, 2011 WL 4715200, at *5.

12  **C.     Cable Privacy Act**

13         It is also necessary to consider the requirements of the Cable Privacy Act, 47 U.S.C. § 551.
14  In general, the Act prohibits cable operators from disclosing personally identifiable information
15  regarding subscribers without the prior written or electronic consent of the subscriber.  47 U.S.C.
16  § 551(c)(1).  A cable operator, however, may disclose this information if the disclosure is made
17  pursuant to a court order and the cable operator provides the subscriber with notice of the order.
18  47 U.S.C. § 551(c)(2)(B).  The ISP that Plaintiff intends to subpoena is a cable operator within the
19  meaning of the Act.

20                      **IV.     CONCLUSION AND ORDER**

21         For the reasons set forth above, IT IS HEREBY ORDERED that:

22    1.     Plaintiff's motion for leave to take expedited discovery is GRANTED;

23    2.     Plaintiff is permitted to serve a subpoena on the ISP identified in Plaintiff's Ex Parte
24           Application for Leave to Take Expedited Discovery or any other entity identified as
25           a provider of Internet services to John Doe in response to a subpoena, seeking the
26           true name and address of that individual with the IP address located in this judicial
27           district as set forth in Plaintiff's Application.  **The subscriber's name and address**
28           **are sufficient for Plaintiff to be able to identify and serve the Doe defendant;**

**thus it is <u>not</u> necessary for the ISP to release the subscriber's telephone number or email address.** Thus, Plaintiff's request to seek early discovery regarding the Doe defendant's (i.e., the ISP subscriber) telephone and email address is DENIED;

3.   The subpoena must provide a **minimum of forty-five (45) days' notice** before any required production and shall be limited to one category of documents identifying the particular subscriber.  **The requested information should be limited to the name and address of the subscriber.**  Any subpoenaed third party may seek a protective order if it determines that there is a legitimate basis for doing so;

4.   The ISP shall have **fourteen (14) calendar days** after service of the subpoena to notify the subscriber that his or her identity has been subpoenaed by Plaintiff.  The subscriber shall then have **thirty (30) calendar days** from the date of the notice to seek a protective order or to file any other responsive pleading;

5.   **Plaintiff shall serve a copy of this Order with any subpoena obtained and served pursuant to this Order to the named ISP**;

6.   The ISP **must provide a copy of this Order along with the required notice to the subscriber** whose identity is sought pursuant to this Order; and

7.   No depositions or written discovery to Defendant are authorized at this time.

IT IS SO ORDERED.

**Dated:    January 15, 2013**                                     **/s/ Sheila K. Oberto**
                                                                            UNITED STATES MAGISTRATE JUDGE

9